# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN BARTON,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., WEBBANK, CAVALRY PORTFOLIO SERVICES, LLC, FORTIVA FINANCIAL LLC, THE BANK OF MISSOURI, DISCOVER BANK AND MONTGOMERY WARD,** | **NO.  20-966** |
| **Defendants.** | |

## <u>MEMORANDUM OPINION</u>

Plaintiff sued Defendant for furnishing inaccurate credit data and for continued billing in attempt to collect debt in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. and the Fair Credit Billing Act, 15 U.S.C. § 1666, respectively.  Defendant now moves to compel arbitration, arguing that Plaintiff is bound by the arbitration clause in the Cardmember Agreement in Plaintiff's name.  Plaintiff, however, contends that the account was opened fraudulently as a result of identity theft, and therefore challenges the formation of the contract and the validity of the arbitration agreement therein.

Because arbitration is fundamentally a matter of contract, *Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010), arbitrability is predicated upon the existence of a valid contract, *see* 9 U.S.C. § 2, and a court cannot compel arbitration where no valid contract exists.  *White v. Sunoco, Inc.*, 870 F.3d 257, 268 (3d Cir. 2017).  Therefore, "courts should order arbitration of a dispute only where the court is satisfied that . . . the formation of the parties' arbitration agreement . . . is [not] at issue."  *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010).  "Where, however, a party contests [formation], the court *must* resolve the disagreement."  *Id.* at 300 (emphasis added) (internal quotation marks omitted).

Motions to compel arbitration may be resolved under a 12(b)(6) standard or the summary judgment standard.  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013).  Where the existence of a valid arbitration agreement is not "apparent from the face of the complaint or incorporated documents," the summary judgment standard governs.  *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 216 (3d Cir. 2019); *see also White*,

870 F.3d at 262 (explaining that the summary judgment standard is appropriate where "the district court's order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate").  And, because resolving a motion on summary judgment requires a "developed record," *Guidotti*, 716 F.3d at 772, a district court considering a "motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties," *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980), "must give the parties adequate time for discovery," *Guidotti*, 716 F.3d at 772.  Indeed, Defendant acknowledges the possibility of such discovery in its Reply Brief.

Here, Plaintiff has submitted a copy of an identity theft report which Plaintiff filed with the Federal Trade Commission.  Because this report was dated and signed under penalty of perjury, it has similar legal effect as a sworn affidavit, *see United States ex rel. Doe v. Heart Solution, PC*, 923 F.3d 308, 315 (3d Cir. 2019) ("[W]hen a matter is required to be supported by a sworn affidavit, the matter can instead be supported by an unsworn declaration . . . as long as the statement is made under penalty of perjury and dated"), and is therefore sufficient to create a genuine issue of fact putting the contract's formation at issue, *see Par-Knit Mills, Inc.*, 636 F.2d at 55 (explaining that a sworn affidavit denying the existence of a binding arbitration agreement between parties creates a genuine issue of fact placing the agreement at issue).  While self-serving affidavits and "naked assertion[s]" are insufficient to create a genuine issue of material fact, *id.*, here, the report "advance[s] specifics facts" in support of Plaintiff's claims that Plaintiff did not enter into the agreement, meaning it is sufficient to create an issue of fact. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009).  To wit, Plaintiff's report identifies a suspect in the identity theft, references a police report and warrant issued for the suspect, and explains why Plaintiff remained unaware of the account for multiple years.  *See id.* (holding that assertions of never receiving, being asked to sign, or agreeing to a document containing the arbitration agreement advanced specific facts and revealed a genuine issue of material fact).

Because "plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," and because the summary judgment standard therefore applies, limited discovery on the formation issue is necessary to resolve the arbitrability question.  *Guidotti*, 716 F.3d at 774-76 (explaining that, while motions to compel arbitration should typically be "considered under a Rule 12(b)(6) standard without discovery's delay," where the arbitration agreement is at issue, "the non-movant must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement . . .

."); *see also SBRMCOA, LLC. v. Bayside Resort, Inc.*, 707 F.3d 267, 275 (3d Cir. 2013) (directing courts to order limited discovery regarding formation because the issue requires judicial determination); *Crump v. MetaSource Acquisitions, LLC*, 373 F. Supp.3d 540, 543-44 (E.D. Pa. 2019) (citing *Guidotti* in discussing how the parties were required to hold limited discovery on the question of arbitrability because it "was not clear from the face of the complaint or the documents relied upon in the complaint whether the suit was subject to arbitration . . . .").

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**