IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN BARTON,**<br>  **Plaintiff,**<br><br>  v.<br><br>**TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. WEBBANK, CAVALRY PORTFOLIO SERVICES, LLC, FORTIVA FINANCIAL LLC, THE BANK OF MISSOURI, DISCOVER BANK AND MONTGOMERY WARD,,**<br>  **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  20-966** |

## MEMORANDUM OPINION

The Quakertown Borough Police Department ("Quakertown") is seeking to quash a subpoena served on it by Plaintiff Brian Barton seeking "any and all police reports filed by Plaintiff" with Quakertown.  Plaintiff seeks the information to support claimed violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*, and the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq*.  Quakertown argues that disclosure of a responsive seven-page investigatory report would violate Pennsylvania's Criminal History Record Information Act ("CHRIA"), 18 PA. CONS. STAT. § 9101, *et seq*.  To succeed on its motion, Quakertown must show that production of the report would require unlawful disclosure of protected matter.  Fed. R. Civ. P. 45(d)(3)(A)(iii);[1] *United States v. Massimino*, 368 F. Supp.3d 852, 854 (E.D. Pa. 2019).

---

[1] Quakertown also argues that responding to Plaintiff's subpoena would subject it to undue burden.  Fed. R. Civ. P. 45(d)(3)(A)(iv).  But, it provides no argument in support of that position and, accordingly, the subpoena shall not be quashed on this basis.  *See* Eastern District of Pennsylvania Local Civil Rule 7.1(c) ("Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions *and authorities relied upon* in support of the motion") (emphasis added).

In federal court, "all relevant material is discoverable unless an applicable [federal] evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (citing Fed. R. Civ. P. 26(b)(1)). Quakertown suggests that a CHRIA protected report would be subject to an evidentiary privilege. There is, however, a strong presumption against recognizing new privileges. *Id.* at 69 ("only the strongest considerations" can outweigh the need for probative evidence). The analysis of whether one should be recognized turns on whether such a privilege "promotes sufficiently important interests [that] outweigh the need for probative evidence. . . ." *Id*. To be considered: "[1] the relevance of the evidence sought to be protected; [2] the availability of other evidence;" and "[3] the 'seriousness' of the litigation and the issues involved. . . ." *Griffin-El v. Beard*, 2009 WL 1606891, at *8 (E.D. Pa. June 8, 2009) (citing *Redland Soccer Club, Inc. v. Dep't of Army of United States*, 55 F.3d 827, 854 (3d Cir. 1995)).

Here, Quakertown's investigatory report appears to be highly relevant. Underlying Plaintiff's Complaint is identify theft in connection with credit cards which theft was reported to Quakertown. That report, according to the Plaintiff, contains evidence critical to corroborate his claim. As such, the first factor weighs in Plaintiff's favor. *Griffin-El*, 2009 WL 1606891, at *8. Quakertown has not shown the information in the investigatory report is available elsewhere. Therefore, the second factor also favors Plaintiff. *See id.* While the dispute is important to Plaintiff—it revolves around disputed credit card accounts and, presumably may affect his credit rating and peace of mind—it does not rise to the level of seriousness of the category relevant here. *See, e.g.*, *id.*, at *9 (identifying as serious constitutional challenges to a governmental agency's actions, civil rights cases, and cases that "present any novel legal issues").

Given the strong presumption against recognizing a new federal evidentiary privilege, the factors on balance counsel against creating one here. Accordingly, the investigatory report is not

protected matter and Quakertown's motion to quash Plaintiff's subpoena will be denied. *See Benedict v. McMahon*, 315 F.R.D. 447, 452-53 (E.D. Pa. 2016) (holding that CHRIA did not prohibit discovery of a police investigatory report); *Curtis v. McHenry*, 172 F.R.D. 162, 164 (W.D. Pa. 1997) (same); *Griffin-El*, 2009 WL 1606891, at *17 (refusing "to recognize the relevant provisions of [CHRIA] as creating" a federal evidentiary privilege); *Carusone v. Kane*, 2017 WL 5900429, at *2 (M.D. Pa. Nov. 30, 2017) (holding CHRIA did not create a federal evidentiary privilege prohibiting disclosure of police investigative information); *Page v. Doyle*, 2018 WL 6831537, at *3 (E.D. Pa. Dec. 27, 2018) (seeing "no reason to diverge from the precedent in [the Third Circuit]" refusing to recognize a federal evidentiary privilege created by CHRIA).

    An appropriate order follows.

July 9, 2020                              **BY THE COURT:**

                                                 /s/Wendy Beetlestone, J.

                                                 **WENDY BEETLESTONE, J.**